Hector L. Huertas,
By: Hector L Huertas
    Pro-Se
2205 Sewell Street
Post Office Box 448
Camden, N.J. 08101
**hlhuertas@gmail.com**

RECEIVED

SEP 0 6 2013

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Hector L Huertas, | ) Honorable Renee Bumb |
| | ) |
|         Plaintiff, | ) Magistrate Joel Schneider |
|    v. | ) |
| | ) **D.C. Civ. No.** 13-cv-2050-RB-JS |
| CitiGroup, Inc; | ) |
| Equifax, Inc. | ) *Jury Trial Demanded* |
| | ) |
|        Defendants. | ) **PRO SE PLAINTIFF'S MOTION** |
| | ) **FOR A PROTECTIVE ORDER,** |
| | ) **AND TO COMPEL DISCOVERY** |
| | ) **AND INITIAL DISCLOSURES** |
| | ) **AGAINST CITIGROUP, INC** |
| | ) |

TO:  Debra M. Albanese, Esquire
Traflet & Fabian
Carriage Court Two
264 South Street
Morristown, NJ 07960

Joan P Depfer, Esquire
Marshall, Dennehey, Warner, Coleman, & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 1910

**PLEASE TAKE NOTICE** that on Monday, _Oct. 7th, 2013_, at 9:00 o'clock in

the forenoon or as soon thereafter as counsel may be heard, the undersigned pro se

Plaintiff shall move, pursuant to Local Rule 37.1(a)(2), Fed.R.Civ.P 26(c), 29(b),33,34,37, before the United States District Court for the District of New Jersey, before Honorable Joel Schneider, Magistrate Judge, at the United States Courthouse, Fourth & Cooper Street, Court Room 3C, in Camden New Jersey 08102 for an Order granting MOTION FOR PROTECTIVE ORDER AND TO COMPEL DISCOVERY; AND,

**PLEASE TAKE FURTHER NOTICE**, that at the aforesaid time and place, Plaintiff shall rely upon the accompanying Motion, together with accompanying exhibits. A proposed form of Order and Brief WILL BE submitted. Oral argument is waived.

## LEGAL ARGUMENT

### *Citigroup has violated Local Civil Rule 33.1(b)("L.Civ.Rule")*

1. Any party who's representative does not verify that he or she has first hand personal knowledge of each of the answers to the interrogatories, is in violation of L.Civ.Rule 33.1(b).

2. Citi's representative did not verify that he/she has first hand personal knowledge of each of the answers to the interrogatories.

3. Therefore, Citi is in violation of L.Civ.Rule 33.1(b).

4. Any party that attests that the source of the information for an answer to an interrogatory is documentary and does not supply a description of the document and its location, is in violation of L.Civ.Rule 33.1(b).

5. Citi's attested that statements contained in Citi's responses were true and correct based on business records and did not supply a description of any business record and its location.

6. Therefore, Citi is in violation of L.Civ.33.1(b).

### *Citigroup has violated Federal Rules of Civil Procedure 26(b)(5)*

7. Any party that objects on the basis of any privilege[1], that does not describe the nature of the privileged documents, communications, or tangible things not produced or disclosed, in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim, is in violation of Fed.R.Civ.P. 26(b)(5) [2].

8. Citi did not describe the nature of its alleged privileged documents[3], communications, or tangible things not produced or disclosed—and did not do so

---

[1] Including the attorney work-product doctrine.

[2] See Leksi, Inc. v. Federal Ins. Co., 129 F.R.D. 99, 105 (DNJ 1989); Torres v. Kuzniasz, 936 F. Supp. 1201, 1207 (DNJ 1996)

[3] See Answers to Interrogatories 2-3, 5-11, 13; Requests for Production of Documents 1-3,5-7.

in a manner that, without revealing information itself privileged or protected, will enable the Pro Se Plaintiff to assess the claim.

9. Therefore, Citi is in violation of Fed.R.Civ.P. 26(b)(5).

### *Citigroup has violated Federal Rules of Civil Procedure 26(b)(2)*

10. Any answer to an individual discovery request that is prefaced by recitations of trivial objections that creates the impression that the answering party is not required to provide information and therefore is free to hold information back, is in violation of Fed.R.Civ.P. 26(b)(2).

11. Citi's answers to discovery requests are prefaced by recitations of trivial objections [4] that have created the impression that Citi is not required to provide information and therefore is free to hold information back and not supply any documents.

---

[4]    See <u>Interrogatory 1, 3-5, 7-11, 13</u>, and <u>Request for Production of Documents 1-7</u>, "In addition to the General Objections, Citibank objects to this [discovery request] on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or subject matter, and is therefore overly broad and unduly burdensome. Citibank further objects to this [discovery request] on the grounds that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."

See <u>Interrogatory 2, 3, 5, 7-11, 13</u>, and <u>Request for Production of Documents 1-3, 5-7</u>, "supra. . . and, to the extent the [discovery request] seeks information and documents that are protected by the attorney-client privilege and/or the attorney work product doctrine, Citibank objects on those grounds as well. Citibank also objects on the grounds that the [discovery request] seeks information that is confidential to nonparties to this action and which parties and/or nonparties have a reasonable expectation and/or right of privacy."

12.  Therefore, Citi is in violation of Fed.R.Civ.P. 26(b)(2).

***Citigroup has violated Federal Rules of Civil Procedure 33***

13. Any party that does not respond to Interrogatories under oath must be ordered to refile Interrogatories under oath [5].

14. The Citigroup representative is not identified within Interrogatory #1 and his/her signature is not clear enough to discern any name.

15. Therefore, Citigroup must be ordered to properly identify its representative and compel that representative to refile Interrogatories under oath.

16. All consumers that have suffered identity theft confront an unending threat of criminal and civil charges being filed against them

17. The Pro Se Plaintiff's identity was stolen in March of this year 2013.

18. Therefore, the Pro Se Plaintiff confronts an unending threat of criminal and civil charges being filed against him.

This motion is based on Exhibit A (Citi discovery responses) and B (Attempts to confer documentation) attached hereto, and the Memorandum of Law Brief that will be filed as soon as possible.

---

[5] Fed,R,Civ.P. 33(b)(2); <u>United States v. 58.16 Acres of Land</u>, 66 F,R,D, 570, 572 (E.D. ILL. 1975).

*CONCLUSION*

Plaintiffs motion should be granted.

Dated this ___5th___ day of ~~August~~ Sept, 2013

By: _Hector L Huertas_

Hector L Huertas, Pro Se

6

EXHIBIT A

# MARSHALL DENNEHEY
## WARNER COLEMAN & GOGGIN

ATTORNEYS-AT-LAW     WWW.MARSHALLDENNEHEY.COM

A PROFESSIONAL CORPORATION

**2000 Market Street, Suite 2300 · Philadelphia, PA 19103**
**(215) 575-2600 · Fax (215) 575-0856**

| | |
|---|---|
| **PENNSYLVANIA** | **DELAWARE** |
| Bethlehem | Wilmington |
| Doylestown | **OHIO** |
| Erie | Cleveland |
| Harrisburg | **FLORIDA** |
| King of Prussia | Ft. Lauderdale |
| Philadelphia | Jacksonville |
| Pittsburgh | Orlando |
| Scranton | Tampa |
| **NEW JERSEY** | **NEW YORK** |
| Cherry Hill | Long Island |
| Roseland | New York City |

**Direct Dial: 215-575-4559**
**Email: jpdepfer@mdwcg.com**

August 12, 2013

Mr. Hector Huertas
2205 Sewell Street
PO Box 448
Camden, NJ 08101

RE:   Huertas v. Citibank, N.A., incorrectly identified as Citigroup, Inc., d/b/a Citi Bank of
     North America
     No. 13-2050-RMB-JS

Dear Mr. Huertas:

    Enclosed are Citibank, N.A.'s certified Responses to Plaintiff's Interrogatories and Plaintiff's Request
for Production of Documents in the above-captioned matter.

Very truly yours,

Joan P. Depfer

JPD/me

Enclosures

cc:  Debra Albanese, Esquire

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**HECTOR L. HUERTAS**                  :

                               :     **NO. 13-2050-RMB-JS**

      **v.**                                    :

                                 :

**CITIGROUP, INC., d/b/a CITI BANK**   :
**OF NORTH AMERICA and EQUIFAX**   :

## DEFENDANT CITIBANK, N.A.'S RESPONSES AND OBJECTIONS TO PRO SE'S PLAINTIFF'S FIRST INTERROGATORIES TO CITIBANK, N.A.

Defendant, Citibank, N.A., incorrectly identified as Citigroup, Inc., d/b/a Citi Bank of North America ("Citibank"), hereby submits its' Responses and Objections to Plaintiff's First Interrogatories to Citibank as follows:

### GENERAL OBJECTIONS

1.  Citibank objects to the Interrogatories to the extent that they are vague and ambiguous.

2.  Citibank objects to the Requests on the grounds that Citibank has filed a motion to dismiss plaintiff's claim with prejudice, which is currently pending before the Court in this matter, and discovery should be stayed pending a ruling on such motion.

2.  Citibank objects to the Interrogatories to the extent they seek information and/or materials that are protected by the attorney-client privilege, the consulting expert witness privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

3.     Citibank objects to the "Definitions" of the Interrogatories on the grounds that they are overbroad, burdensome and harassing.

5.     By responding to these Interrogatories, Citibank does not waive:     (1) any objections to the admissibility of, competency of, relevancy of, materiality of, or privilege attaching to any information provided; or (2) the right to object to other discovery requests or undertakings involving or relating to the subject matter of the requests herein.  An objection or answer in response to any Interrogatory in no way constitutes and should not be construed as an admission of the relevance or admissibility of any information, or the truth or accuracy of any information.    Citibank expressly does not concede the relevance or materiality of any Interrogatory herein or the subject matter to which it refers.

6.     Citibank objects to the Interrogatories to the extent that they require Citibank to produce information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

7.     Citibank objects to the Interrogatories to the extent they seek documents or information that is confidential, proprietary, and/or contains or constitutes trade secret information.

8.     Citibank objects to the Interrogatories to the extent they seek information that is in Plaintiff's possession, custody, or control, equally available to Plaintiff as to Citibank, or are determined to be outside of Citibank's custody, possession, or control after reasonable investigation.

9.     Citibank objects to the Interrogatories to the extent that any of them call for "all," "each," "any," or "every," on the grounds they are overly broad and unduly burdensome.  It is impossible to represent, even after a reasonable and diligent search, that all, each, or every bit of

information falling within a description can be or has been assembled.   Information or documents may be known by many people and may be kept in a myriad of locations and files. Citibank cannot warrant or represent that each or all or every bit of information requested has been provided, only that Citibank has disclosed that information which it could gather in response to Plaintiff's requests after a reasonable and diligent investigation.

10.     Citibank is engaged in the continuing investigation of the matters inquired about in the Interrogatories.  The responses to the Interrogatories are believed to be accurate as of the date made.  Because Citibank's investigation into the matters inquired about is continuing, Citibank expressly reserves the right to supplement, correct or amend these responses.

11.     Citibank objects to the Interrogatories to the extent they seek information or documents protected by any rights of privacy or that contain or constitute personal identifying information.

12.     Citibank objects to the Interrogatories to the extent that they require Citibank take any actions inconsistent with the Local Rules or the Federal Rules of Civil Procedure.

13.     Citibank objects to the terms "you" and "your" to the extent it requires Citibank to obtain information from any person or any entity other than Citibank, and any response provided is on behalf of Citibank only.

14.     These "General Objections" are incorporated into each of the Objections and Responses stated below as if set forth in full.

## SPECIFIC RESPONSES AND OBJECTIONS

1.     What is your full name, occupation, title, present height, weight and date of birth?

RESPONSE:   In addition to its General Objections, Citibank objects to this Interrogatory on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or

3

subject matter, and is therefore overly broad and unduly burdensome. Citibank further objects to

this Interrogatory on the grounds that it is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence. Subject to and without waiving its objections, Citibank

responds that its name is Citibank, N.A., and that it is a national bank located in Sioux Falls,

South Dakota. Citibank does not have a height, weight or date of birth.

     2.    Were Citibank, N.A. or Citigroup, Inc. ever a defendant in any suit which charged

Citibank, N.A. or Citigroup, Inc. with violation of the Fair Credit Reporting Act ("FCRA")? If

yes, state for each suit:

    a.    The name and address of each plaintiff,

    b.    The name and address of each defendant,

    c.    The nature of the cause of action (Counts),

    d.    The date on which the suit was initiated,

    e.    The court in which the suit was instituted;

    f.    The name and address of the attorneys for each party;

    g.    The result of each suit that has been concluded by judgment or settlement.

    **RESPONSE**: In addition to its General Objections, Citibank objects to this Interrogatory

and its subparts on the grounds that it is vague and ambiguous, is not reasonably limited in scope

by time or subject matter, and is therefore overly broad and unduly burdensome. Citibank

further objects to this Interrogatory on the grounds that it is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence and, to the extent the Interrogatory

seeks information or documents that are protected by the attorney-client privilege and/or the

attorney work-product doctrine, Citibank objects on those grounds as well. Citibank also objects

**RESPONSE**: In addition to its General Objections, Citibank objects to this Interrogatory on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or subject matter, and is therefore overly broad and unduly burdensome. Citibank further objects to this Interrogatory on the grounds that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Citibank also objects to this Interrogatory to the extent it seeks information or documents that are confidential, proprietary, and/or constitute or contain trade secret information, and to the extent it seeks information or documents protected by the attorney-client privilege and/or the attorney work-product doctrine, Citibank objects on those grounds as well.

9.      Please describe the way in which Citi controls business risks related to such Citi offerings.

**RESPONSE**: In addition to its General Objections, Citibank objects to this Interrogatory on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or subject matter, and is therefore overly broad and unduly burdensome. Citibank further objects to this Interrogatory on the grounds that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Citibank also objects to this Interrogatory to the extent it seeks information or documents that are confidential, proprietary, and/or constitute or contain trade secret information, and to the extent it seeks information or documents protected by the attorney-client privilege and/or the attorney work-product doctrine, Citibank objects on those grounds as well.

on the grounds that the Interrogatory seeks information that is confidential to nonparties to this action and which parties and/or non-parties have a reasonable expectation and/or right of privacy.

3.   Were there in existence at the times of these incidents, including the incident as described in the Complaint filed by Plaintiff, internal procedures designed to prevent and correct instances of violating the FCRA?  If yes, state:

a.   The nature of such procedures,

b.   The person(s) that is responsible for implementing such procedures;

c.   Any charges made against Citibank, N.A. or Citigroup, Inc. to Federal authorities responsible for enforcing the FCRA, e.g. Federal Trade Commission ("FTC")?  If yes, state:

i.   the names and addresses of the complainants;

ii.   the nature of the charges and the outcome.

**RESPONSE**:  In addition to its General Objections, Citibank objects to this Interrogatory and its subparts on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or subject matter, and is therefore overly broad and unduly burdensome.  Citibank further objects to this Interrogatory on the grounds that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because the July 2011 and 2012 invitations to apply for credit (the "Invitations") were not firm offers of credit subject to the FCRA.  Citibank also objects to this Interrogatory to the extent it seeks information or documents that are confidential, proprietary, and/or constitute or contain trade secret information, and to the extent it seeks information or documents protected by the attorney-client privilege and/or the attorney work-product doctrine, Citibank objects on those grounds as well.

5

4.      Was Citibank, N.A. or Citigroup, Inc. insured during the period of time during which this incident occurred as described in the Complaint against judgments of liability for violations of the FCRA? If yes, state:

a.      The name and address of the insurer,

b.      The name and address of any entity(s) or person(s) who pay(s) the premiums;

c.      The identification number(s) of the policy(s);

d.      The effective date of each policy;

e.      The policy limits;

f.      The substance of disclaimers of liability contained in the policy.

**RESPONSE**:  In addition to its General Objections, Citibank objects to this Interrogatory and its subparts on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or subject matter, and is therefore overly broad and unduly burdensome.  Subject to and without waiving its objections, Citibank responds that it is unaware of any insurance coverage it may have for this matter.

5.      State specifically and in detail the date and exact sequence of events that took place in July 2011 and July 2012 regarding the accessing of Plaintiff's full credit reports regarding the ThankYou Card and Simplicity Card, including all interactions and communications with Equifax employees.

**RESPONSE**:  In addition to its General Objections, Citibank objects to this Interrogatory on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or subject matter, and is therefore overly broad and unduly burdensome.  Citibank further objects to

this Interrogatory on the grounds that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and on the grounds it assumes facts not in evidence. Citibank also objects to this Interrogatory to the extent it seeks information or documents that are confidential, proprietary, and/or constitute or contain trade secret information, and to the extent it seeks information or documents protected by the attorney-client privilege and/or the attorney work-product doctrine, Citibank objects on those grounds as well.  Subject to and without waiving its objections, Citibank responds that when Plaintiff responded to an invitation to apply for a Citi ThankYou Card on or about July 27, 2011, he authorized Citibank to gather information about him, including from credit bureaus, which Citibank did.  Citibank further responds that when Plaintiff responded to an invitation to apply for a Citi Simplicity Card on or about July 27, 2012, he authorized Citibank to gather information about him, including from credit bureaus, which Citibank did.  Citibank reserves the right to supplement this response as discovery is ongoing.

6.    For each expert witness you intend to call for trial, please state the experts name and present address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.

**RESPONSE**: In addition to its General Objections, Citibank objects to this Interrogatory on the grounds that it is premature as discovery is ongoing, is vague and ambiguous, is not reasonably limited in scope by time or subject matter, and is therefore overly broad and unduly burdensome, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information or documents that are protected by the attorney-client privilege

and/or the attorney work-product doctrine and seeks the disclosure of trial strategy. Subject to and without waiving its objections, Citibank responds that it has not determined whether it will present a testifying expert in this action. Citibank reserves the right to supplement this response as discovery is ongoing.

7.   Please describe the clearly established creditworthiness criteria that Citi had established before Citi had Pre-Qualified the Plaintiff for the July 2011 (ThankYou Card) and July 2012 (Simplicity Card) credit offers that were mailed to the Pro Se Plaintiff Hector L. Huertas. See 15 U.S.C. §§ 1681a(1)(1)(A).

**RESPONSE**: In addition to its General Objections, Citibank objects to this Interrogatory on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or subject matter, and is therefore overly broad and unduly burdensome, and assumes facts not in evidence. Citibank further objects to this Interrogatory on the grounds that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because the July 2011 and 2012 Invitations were not firm offers of credit subject to the FCRA. Citibank also objects to this Interrogatory to the extent it seeks information or documents that are confidential, proprietary, and/or constitute or contain trade secret information, and to the extent it seeks information or documents protected by the attorney-client privilege and/or the attorney work-product doctrine, Citibank objects on those grounds as well.

8.   Please describe the way to identify individuals who were likely prospects for the Citi ThankYou Card (July 2011) and Citi Simplicity Card (July 2012).

10. Did Citi inform Equifax that the Pro Se Plaintiff was voluntarily seeking credit by initiating a credit application for the ThankYou Card in July 2011, as the purpose for accessing of Plaintiff's credit report?

**RESPONSE**: In addition to its General Objections, Citibank objects to this Interrogatory on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or subject matter, and is therefore overly broad and unduly burdensome. Citibank further objects to this Interrogatory on the grounds that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Citibank also objects to this Interrogatory to the extent it seeks information or documents that are confidential, proprietary, and/or constitute or contain trade secret information, and to the extent it seeks information or documents protected by the attorney-client privilege and/or the attorney work-product doctrine, Citibank objects on those grounds as well. Subject to and without waiving its objections, Citibank responds that when Plaintiff responded to an invitation to apply for a Citi ThankYou Card on or about July 27, 2011, he authorized Citibank to gather information about him, including from credit bureaus, which Citibank did. Citibank reserves the right to supplement this response as discovery is ongoing.

11. Did Citi inform Equifax that the Pro Se Plaintiff was voluntarily seeking credit by initiating a credit application for the Simplicity Card on July 2012, as the purpose for accessing of Plaintiff's credit report?

**RESPONSE**: In addition to its General Objections, Citibank objects to this Interrogatory on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or subject matter, and is therefore overly broad and unduly burdensome. Citibank further objects to this Interrogatory on the grounds that it is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.  Citibank also objects to this Interrogatory to the extent it seeks information or documents that are confidential, proprietary, and/or constitute or contain trade secret information, and to the extent it seeks information or documents protected by the attorney-client privilege and/or the attorney work-product doctrine, Citibank objects on those grounds as well.   Subject to and without waiving its objections, Citibank responds that when Plaintiff responded to an invitation to apply for a Citi Simplicity Card on or about July 27, 2012, he authorized Citibank to gather information about him, including from credit bureaus, which Citibank did.  Citibank reserves the right to supplement this response as discovery is ongoing.

12.    Has the Pro Se Plaintiff ever had a checking account with Citibank through a Citibank branch located in Philadelphia, PA or any other branch in any other location?  If yes please provide the dates the Plaintiff held such checking account(s).

**RESPONSE**:  In addition to its General Objections, Citibank objects to this Interrogatory on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or subject matter, and is therefore overly broad and unduly burdensome.  Citibank further objects to this Interrogatory on the grounds that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Citibank responds that an EZ Checking account was opened in Plaintiff's name in October 2008 and closed in May 2011.  Citibank reserves the right to supplement this response as discovery is ongoing.

13.    Did Citibank use this checking account information about the Plaintiff to help with verification of Plaintiff's responses to the solicitations of July 2011 and July 2012?

11

**RESPONSE**:  In addition to its General Objections, Citibank objects to this Interrogatory

on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or

subject matter, and is therefore overly broad and unduly burdensome.  Citibank further objects to

this Interrogatory on the grounds that it is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.  Citibank also objects to this Interrogatory to the extent it

seeks information or documents that are confidential, proprietary, and/or constitute or contain

trade secret information, and to the extent it seeks information or documents protected by the

attorney-client privilege and/or the attorney work-product doctrine, Citibank objects on those

grounds as well.

Joan P. Depfer, Esquire
Marshall, Dennehey, Warner,
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA  19103

Attorney for Defendant, Citibank, N.A.,
incorrectly identified as Citigroup, Inc.,
d/b/a Citi Bank of North America

DATED:  August 8, 2013

## CERTIFICATION

I hereby certify that the foregoing statements contained in Defendant Citibank, N.A.'s Responses to Plaintiff's Interrogatories and Request for Production of Documents are true and correct based on personal knowledge and/or the business records of Citibank, N.A. I understand that if any of the foregoing statements are willfully false, I am subject to punishment.


DATED: August 9, 2013

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**HECTOR L. HUERTAS**　　　　　　:

　　　　　　　　　　　　　　　:　　**NO. 13-2050-RMB-JS**

　　　　**v.**　　　　　　　　　:

　　　　　　　　　　　　　　　:

**CITIGROUP, INC., d/b/a CITI BANK**　:
**OF NORTH AMERICA and EQUIFAX**　:

## DEFENDANT CITIBANK, N.A.'S RESPONSES AND OBJECTIONS TO PRO SE'S PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO CITIBANK, N.A.

Defendant, Citibank, N.A., incorrectly identified as Citigroup, Inc., d/b/a Citi Bank of North America ("Citibank"), hereby submits its' Responses and Objections to Plaintiff's First Request for Production of Documents to Citibank as follows:

### GENERAL OBJECTIONS

1.　　Citibank objects to the Requests to the extent that they are vague and ambiguous.

2.　　Citibank objects to the Requests on the grounds that Citibank has filed a motion to dismiss plaintiff's claim with prejudice, which is currently pending before the Court in this matter, and discovery should be stayed pending a ruling on such motion.

3.　　Citibank objects to the Requests to the extent they seek information and/or materials that are protected by the attorney-client privilege, the consulting expert witness privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

4.　　Citibank objects to the "Definitions" of the Requests on the grounds that they are overbroad, burdensome and harassing.

1

5.    By responding to these Requests, Citibank does not waive: (1) any objections to the admissibility of, competency of, relevancy of, materiality of, or privilege attaching to any information provided; or (2) the right to object to other discovery requests or undertakings involving or relating to the subject matter of the requests herein. An objection or answer in response to any Request in no way constitutes and should not be construed as an admission of the relevance or admissibility of any information, or the truth or accuracy of any information. Citibank expressly does not concede the relevance or materiality of any Request herein or the subject matter to which it refers.

6.    Citibank objects to the Requests to the extent that they require Citibank to produce information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Citibank objects to the Requests to the extent they seek documents or information that is confidential, proprietary, and/or contains or constitutes trade secret information.

8.    Citibank objects to the Requests to the extent they seek information that is in Plaintiff's possession, custody, or control, equally available to Plaintiff as to Citibank, or are determined to be outside of Citibank's custody, possession, or control after reasonable investigation.

9.    Citibank objects to the Requests to the extent that any of them call for "all," "each," "any," or "every," on the grounds they are overly broad and unduly burdensome. It is impossible to represent, even after a reasonable and diligent search, that all, each, or every bit of information falling within a description can be or has been assembled. Information or documents may be known by many people and may be kept in a myriad of locations and files. Citibank cannot warrant or represent that each or all or every bit of information requested has

2

been provided, only that Citibank has disclosed that information which it could gather in response to Plaintiff's requests after a reasonable and diligent investigation.

10.    Citibank is engaged in the continuing investigation of the matters inquired about in the Requests. The responses to the Requests are believed to be accurate as of the date made. Because Citibank's investigation into the matters inquired about is continuing, Citibank expressly reserves the right to supplement, correct or amend these responses.

11.    Citibank objects to the Requests to the extent they seek information or documents protected by any rights of privacy or that contain or constitute personal identifying information.

12.    Citibank objects to the Requests to the extent that they require Citibank take any actions inconsistent with the Local Rules or the Federal Rules of Civil Procedure.

13.    Citibank objects to the terms "you" and "your" and "Citi" or "Citibank" to the extent it requires Citibank to obtain information from any person or any entity other than Citibank, and any response provided is on behalf of Citibank only.

14.    These "General Objections" are incorporated into each of the Objections and Responses stated below as if set forth in full.

## SPECIFIC RESPONSES AND OBJECTIONS

1.    Please provide copies of original documentation concerning Citibank's effort to comply with the FCRA before the July 2011 and 2012 credit offers were mailed to the Pro Se Plaintiff Hector Huertas.

**RESPONSE:**  In addition to its General Objections, Citibank objects to this Request on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or subject matter, and is therefore overly broad and unduly burdensome. Citibank further objects to this Request on the grounds that it is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence, including because the July 2011 and 2012 invitations to apply for credit (the "Invitations") were not firm offers of credit subject to the FCRA. Citibank also objects to this Request to the extent it seeks information or documents that are confidential, proprietary, and/or constitute or contain trade secret information, and to the extent it seeks information or documents protected by the attorney-client privilege and/or the attorney work-product doctrine, Citibank objects on those grounds as well.

2.      Please provide copies of documents concerning the creditworthiness criteria used to select the Plaintiff for the credit offers of July 2011 and July 2012 that were established by Citi before the Plaintiff was selected for such offers. See 15 U.S.C. §§ 1681 a(1)(1)(A).

**RESPONSE**: In addition to its General Objections, Citibank objects to this Request on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or subject matter, and is therefore overly broad and unduly burdensome. Citibank further objects to this Request on the grounds that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because the July 2011 and 2012 Invitations were not firm offers of credit subject to the FCRA. Citibank also objects to this Request to the extent it seeks information or documents that are confidential, proprietary, and/or constitute or contain trade secret information, and to the extent it seeks information or documents protected by the attorney-client privilege and/or the attorney work-product doctrine, Citibank objects on those grounds as well.

3.      Please provide documents concerning the way, or concerning methods and procedures, to identify individuals who were likely prospects for the Citi ThankYou Card (July

2011) and Citi Simplicity Card (July 2012) and for Citi to control business risks related to such Citi offerings.

**RESPONSE**: In addition to its General Objections, Citibank objects to this Request on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or subject matter, and is therefore overly broad and unduly burdensome. Citibank further objects to this Request on the grounds that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because the July 2011 and 2012 Invitations were not firm offers of credit subject to the FCRA. Citibank also objects to this Request to the extent it seeks information or documents that are confidential, proprietary, and/or constitute or contain trade secret information, and to the extent it seeks information or documents protected by the attorney-client privilege and/or the attorney work-product doctrine, Citibank objects on those grounds as well.

4.      Please provide copies of all consumer credit reports in which the Pro Se Plaintiff is the subject of, including the consumer credit reports obtained in July 2011 and July 2012, that are in the possession of Citibank.

**RESPONSE**: In addition to its General Objections, Citibank objects to this Request and its subparts on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or subject matter, and is therefore overly broad and unduly burdensome. Subject to and without waiving its objections, Citibank will produce electronic data for the online applications submitted by Plaintiff in July 2011 and July 2012, including the Credit Bureau Summary Report. Citibank reserves the right to supplement this response as discovery is ongoing.

5.      Please provide copies of original blanket and initial subscriber agreement(s) between Citibank and Equifax concerning the accessing of Plaintiff's consumer credit reports on July 2011 and July 2012.

**RESPONSE**: In addition to its General Objections, Citibank objects to this Request on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or subject matter, and is therefore overly broad and unduly burdensome.  Citibank further objects to this Request on the grounds that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Citibank also objects to this Request to the extent it seeks information or documents that are confidential, proprietary, and/or constitute or contain trade secret information, and to the extent it seeks information or documents protected by the attorney-client privilege and/or the attorney work-product doctrine, Citibank objects on those grounds as well.

6.      Any and all documents that are in Citi's possession concerning the series of events of accessing Plaintiff's credit reports described in the Complaint.

This includes, but is not limited to:

a.      Any and all reports, forms, or records describing any aspect of these events;

b.      Statements, communications of any kind between Citi employees and Equifax employees;

c.      Statements, communications of any kind between Citi employees and Equifax that did not involve Equifax employees,

**RESPONSE**: In addition to its General Objections, Citibank objects to this Request and its subparts on the grounds that it is vague and ambiguous, is not reasonably limited in scope by

time or subject matter, and is therefore overly broad and unduly burdensome. Citibank further objects to this Request on the grounds that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because the July 2011 and 2012 Invitations were not firm offers of credit subject to the FCRA. Citibank also objects to this Request to the extent it seeks information or documents that are confidential, proprietary, and/or constitute or contain trade secret information, and to the extent it seeks information or documents protected by the attorney-client privilege and/or the attorney work-product doctrine, Citibank objects on those grounds as well. Subject to and without waiving its objections, Citibank responds see documents produced in response to Request for Production No. 4. Citibank reserves the right to supplement this response as discovery is ongoing.

7.    Any and all documents that comprise or are a part of Citi's file(s) concerning the Pro Se Plaintiff Hector L. Huertas.

**RESPONSE**: In addition to its General Objections, Citibank objects to this Request on the grounds that it is vague and ambiguous, is not reasonably limited in scope by time or subject matter, and is therefore overly broad and unduly burdensome. Citibank further objects to this Request on the grounds that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because the July 2011 and 2012 Invitations were not firm offers of credit subject to the FCRA. Citibank also objects to this Request to the extent it seeks information or documents that are confidential, proprietary, and/or constitute or contain trade secret information, and to the extent it seeks information or documents protected by the attorney-client privilege and/or the attorney work-product doctrine, Citibank objects on those grounds as well. Subject to and without waiving its objections, see documents produced in

response to Request No. 4.   Citibank reserves the right to supplement this response as discovery

is ongoing.

Joan P. Depfer, Esquire
Marshall, Dennehey, Warner,
Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA  19103

Attorney for Defendant, Citibank, N.A.,
incorrectly identified as Citigroup, Inc.,
d/b/a Citi Bank of North America

**DATED:**   August 12, 2013

## CERTIFICATION

I hereby certify that the foregoing statements contained in Defendant Citibank, N.A.'s Responses to Plaintiff's Interrogatories and Request for Production of Documents are true and correct based on personal knowledge and/or the business records of Citibank, N.A.  I understand that if any of the foregoing statements are willfully false, I am subject to punishment.

DATED: August 9, 2013

EXHIBIT B

Gmail - Effort to Confer re Discovery Motion against Citibank, N.A.     https://mail.google.com/mail/u/0/?ui=2&ik=5051f1e28a&view=pt&sear...



Hector Huertas <hlhuertas@gmail.com>

## Effort to Confer re Discovery Motion against Citibank, N.A.

3 messages

**Depfer, Joan P. <JPDepfer@mdwcg.com>**                                    Tue, Aug 27, 2013 at 11:40 AM
To: "hlhuertas@gmail.com" <hlhuertas@gmail.com>, Debra Albanese <DAlbanese@trafletfabian.com>

Mr. Huertas – I received your 7 page fax approximately one hour ago in which you identify multiple alleged defects in Citibank, N..A's discovery responses, together with other issues related to Equifax, Inc.'s discovery responses and Notice of Deposition. With respect to Citibank, N.A., your unilateral demand for correction of these alleged defects by tomorrow, August 28, 2013, is wholly unreasonable. In an effort to resolve the discovery dispute, Citibank, N.A. will serve amended responses to your discovery requests on or before September 4, 2013. Please confirm that your motion against Citibank, N.A. will not be filed as threatened.

Joan



This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to JPDepfer@MDWCG.com , or by telephone at (215) 575-4559 and then delete the message and its attachments from your computer.

**Hector Huertas <hlhuertas@gmail.com>**                                    Tue, Aug 27, 2013 at 2:23 PM
Reply-To: hlhuertas@gmail.com
To: "Depfer, Joan P." <JPDepfer@mdwcg.com>

Greetings, Joan Depfer, Esquire,

Obviously, you understand fully the "alleged defects", otherwise you would not have agreed to correct them. The Federal Rules allow 30 days to respond. Therefore, unless you can prove a logical reason for the "alleged defects" after the 30 days allotted so that you can be allowed to continue to delay the discovery, I will file the motion as planned.

**HECTOR L HUERTAS**

[Quoted text hidden]

--

Hector L Huertas
Main Post Office Box 448
Camden, NJ 08101

---

**Hector Huertas** <hlhuertas@gmail.com>                                      Thu, Aug 29, 2013 at 7:01 PM
Reply-To: hlhuertas@gmail.com
To: "Depfer, Joan P." <JPDepfer@mdwcg.com>

Greetings, Joan Depfer, Esquire,

Please note that as to the Citibank trade secrets, I will stipulate that they are trade secrets for a Protective Order to protect your clients trade secrets, even though your client as not applied OR CONFERED WITH ME for a protective order.

**HECTOR L HUERTAS**

[Quoted text hidden]



SHPID: MAOXTOOMGTADU

PKG 1 OF 1
PKGID: MAOXTOOMGTADU

TO:
Clerk of the court US District Court, US
CAMDEN NJ 08102-1521

74B-2765

121ZDX11087021
YHPBLP0    NJLMJ176    SEP 06 081301LL 2013
US    0804    HIP 18.1.6    ZEBRAZM4P

P: PINK    S: 2    1:601

CAMDEN NJ 08102-1821

US DISTRICT COURT DISTRICT OF N.J
401 COOPER ST



REF #1: 13CV2050
REF #2: HUERTAS V CITIGROUP, INC., ET AL

18H 13.00N ZZP 4S0 43.5U 07/2013

BILLING: P/P



TRACKING #: 1Z 170 X11 03 7021 4690

UPS GROUND

CAMDEN NJ 08102-1521

NJ 081 9-06

SHIP TO: US DISTRICT COURT, DISTRICT OF N.J.
401 COOPER ST

4400 Cooper

RECEIVED
SEP 06 2013
WILLIAM T. WALSH
CLERK
AT 8:30

HECTOR L HUERTAS, PRO SE
(856) 379-0276
PO BOX 440
CAMDEN NJ 08101-0441
SHP WT: 1 LBS
1 LBS    1 OF 1    DATE: 05 SEP 2013

X-RAYED