NOT FOR PUBLICATION [Docket Nos. 133, 134, 135, 138 & 142]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

HECTOR HUERTAS,

Plaintiff,

v.

CITIGROUP, INC., d/b/a CITIBANK OF NORTH AMERICA

Defendant.

Civil No. 13-2050 (RMB/JS)

**OPINION**

**APPEARANCES**:

Hector L. Huertas
2205 Sewell Street
P.O. BOX 448
Camden, NJ 08101
Plaintiff, Pro Se

Joan Patricia Depfer
Marshall, Dennehey, Warner, Coleman & Goggin, PA
1845 Walnut Street
Philadelphia, PA 19103
Attorney for Defendant

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon several motions: Plaintiff Hector Huertas's Motion for Reconsideration of this Court's Opinion and Order granting summary judgment on all counts in favor of Defendant Citibank N.A., ("Citibank") [Docket

No. 133],[1] Plaintiff's Motion for Sanctions [Docket No. 142], and Citibank's Motion for Attorney's Fees and Costs [Docket No. 134]. For the reasons set forth below, Plaintiff's Motion for Reconsideration and Motion for Sanctions will be denied. Defendant's Motion for Attorney's Fees and Costs will similarly be denied.

## I. Background

In his complaint previously filed with this Court, Mr. Huertas asserted that in July of 2011, he received a purported firm offer of credit for the "Citi ThankYou Card" credit card even though he never voluntarily applied for or requested those materials in the mail. The 2011 Invitation provided "Terms and Conditions of Offer," which stated: "We may gather information about you, including from . . . credit bureaus . . . to . . . determine your eligibility for credit. . . ." [Docket No. 125, Ex. A].[2] Plaintiff responded to that invitation. [Docket No. 172 at 3 ("After the [P]laintiff responded to the credit offer.

[1] This Motion for Reconsideration was submitted in several iterations. [See Docket Nos. 133, 134, 138]. Only Plaintiff's first submission, Docket No. 133 was timely filed. See New Jersey Local Civil Rule 7.1(d)(noting that a motion for reconsideration must be filed within 14 days of the entry of an order a party seeks to have reconsidered). That said, because Plaintiff is appearing pro se, even though he is an experienced litigator in this Court, the Court will, nevertheless, consider the contents of Plaintiff's late submissions.

[2] Plaintiff admitted that he did not read this text. [Docket No. 19 at 6].

. . .")]. Plaintiff received another invitation to apply for a Simplicity Card in 2012. Plaintiff also responded to that invitation. [Docket No. 127 at 3]. It is undisputed that Plaintiff applied for both credit cards and that his applications were denied. (Compl. at ¶ 15).

The Defendant moved to dismiss Plaintiff's Complaint pursuant to 12(b)(6). [Docket No. 96]. This Court converted the 12(b)(6) motion to a motion for summary judgment under Federal Rule of Civil Procedure 12(d) because resolution of the matter required this Court to look at materials outside of the pleadings. [Docket No. 124]. In converting the pending motion to dismiss, this Court provided both parties with fourteen days to submit materials that would be admissible in a summary judgment proceeding. Id. Within this time frame, Defendant submitted such materials as permitted by the Court. See Docket No. 125.[3]

Because Plaintiff appears pro se in this matter, this Court construed Plaintiff's Four Count Second Amended Complaint

[3] Plaintiff takes umbrage with the filing of the Defendant's papers, docketed as a separate motion, and deems them violative of Federal Rule of Civil Procedure 12(b). See Docket No. 133 at 8. This Court, however, expressly permitted the filing of such papers in its Order. To the extent Plaintiff seeks reconsideration of summary judgment on this ground, reconsideration is unwarranted. The Defendant did not violate this Court's Order or the Federal Rules of Civil Procedure in filing the motion papers in support of summary judgment, even if those papers were docketed as a separate motion.

liberally as asserting claims for three causes of action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.: (1) that Defendant accessed Plaintiff's credit report on two occasions without a permissible purpose in violation of § 1681b(f) and § 1681q; (2) that Defendant transferred Plaintiff's credit report to its corporate affiliates located in New York and Florida in violation of § 1681b, § 1681q, and § 1681r; and (3) that Defendant wrongfully denied Plaintiff credit in violation of § 1681m.

After considering the parties' arguments and reviewing the evidence submitted by both parties, this Court granted summary judgment in favor of Defendant on all counts. With respect to Counts I and II, this Court found that the Defendant had a permissible purpose to access Plaintiff's credit report. See 15 U.S.C. § 1681b(a)(3)(A). This Court also found that whether or not Defendant's mailer was a firm offer of credit was not dispositive because Plaintiff had not alleged that Defendant accessed his credit report prior to sending the invitations to apply. Moreover, this Court found that even if Plaintiff did not intend to apply for a credit card by completing and returning Citibank's mailer, it would be reasonable for Defendant to believe that Plaintiff intended to apply for credit upon receiving Plaintiff's completed application. See Huertas v. U.S. Department of Education, 2009 WL 3165442 (D.N.J., Sept. 28,

2009)("so long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA." (quoting Korotki v. Attorney Servs. Corp., 931 F. Supp 1269, 1276 (D. Md. 1996), aff'd, F.3d 135 (4th Cir. 1997)).

Plaintiff has also claimed that Defendant "improperly" transferred his credit reports from a Citibank South Dakota location to Citibank New York and Florida locations. The Court rejected this claim because it found that the Defendant's behavior, undertaken in compliance with Plaintiff's discovery requests, did not fall within the purview of the FCRA. Finally, Plaintiff alleged that Defendant improperly denied his credit request. However, no private right of action was available for an alleged violation of the section of the FCRA set forth by Plaintiff. See 15 U.S.C. § 1681m(h)(8)(A).

Plaintiff now seeks reconsideration of the decision to grant summary judgment in favor of Defendant. He also asks that this Court award sanctions against Defendant under Federal Rule of Civil Procedure 11. The Court will address Plaintiff's motions below and then turn to the Defendant's motion for attorney's fees.

**II. Motion for Reconsideration**

A. Applicable Standard

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F.Supp.2d 610, 612 (D.N.J. 2001). Local Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Agostino v. Quest Diagnostics Inc., No. 04-4362, 2010 WL 5392688, at *5 (D.N.J. Dec. 22, 2010) (citing Bryan v. Shah, 351 F. Supp. 2d 295, 297 (D.N.J. 2005); Bowers, 130 F. Supp. 2d at 612).

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (internal citation omitted). Reconsideration is to be granted only sparingly. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515-16 (D.N.J. 1996) (internal citation omitted). Third Circuit jurisprudence dictates that a Rule 7.1(i) motion

may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); Agostino, 2010 WL 5392688, at *5.

Again, Rule 7.1 is clear that the Court need not look to matters which were not originally presented, only those that may have been "overlooked." See Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988). As such, "except in cases where there is a need to correct a clear error or manifest injustice, '[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration." United States v. Pechiney Plastics, 2012 U.S. Dist. LEXIS 114255, 2012 WL 3527721, at *3 (D.N.J. Aug. 14, 2012)(quoting Guinta v. Accenture, LLP, No. 08-3776, 2009 U.S. Dist. LEXIS 4674, 2009 WL 301920, at *5 (D.N.J. Jan. 23, 2009)).

B. Analysis

Plaintiff sets forth several arguments in support of his reconsideration motion, contending that this Court "overlooked" various points in rendering its decision, such as:

- Whether the Defendant actually intended to extend Plaintiff credit;
- Plaintiff as a "least sophisticated customer";
- The argument that "law of the case doctrine" applies;
- That Defendant downloaded his credit card information for future use without a credit link; and,
- That Defendant violated Rule 11 by initially contending its offers of credit were "firm offers" and then changing its argument.

This Court will briefly discuss each of Plaintiff's arguments in turn as none of his assertions warrant reconsideration.

First, with respect to Plaintiff's argument that Defendant failed to "prove" that it intended to extend him credit, Plaintiff impermissibly seeks to shift the burden to the Defendant to disprove Plaintiff's allegations, which this Court found were unsupported by admissible evidence sufficient to withstand summary judgment. To the extent Plaintiff contends that this court "overlooked" whether Citigroup "supplied sufficient evidence to establish that it, in fact, intended to extend credit to the [p]laintiff," Docket No. 133 at 3, this Court similarly finds this argument does not require reconsideration of its prior Opinion. Again, Plaintiff attempts

to read into the FCRA statute that an individual will be guaranteed credit if he or she simply responds to a credit card solicitation[4] – an argument that has already been properly rejected by this Court. See Docket No. 131 at 7-11; 15 U.S.C. §1681b(a)(3)(A).

In conjunction with his argument regarding Citibank's "intention" to extend credit, Plaintiff also argues that the "district Court overlooked the argument presented to the court concerning the fact that plaintiff is a least sophisticated customer pursuant to FCRA." Docket No. 135 at 2. This Court, however, did not "overlook" this argument for two reasons: first, the least sophisticated customer standard is not grounded in FCRA, but rather, is applicable to the Fair Debt Collection Practices Act, a statute not at issue in the case, and is, therefore, inapplicable. See e.g., Huertas v. Galaxy Asset Management, 641 F.3d 28, 33 (3d Cir. 2011)(discussing Plaintiff's FDCPA claims and the least sophisticated debtor test); Guevara v. Client Servs., No. 11-3736, 2011 U.S. Dist. LEXIS 123699, at *7 (D.N.J. Oct. 26, 2011)(discussing "least sophisticated customer" in FDCPA matter). Second, even if this argument were applicable, it has no impact on the outcome

[4] See Plaintiff's argument that § 1681b(a)(3)(A) "'involving the extension of credit to,' requires intent and thus a done deal." Docket No. 133 at 5 (emphasis in original).

already reached by this Court. The plaintiff, again, wants a guaranteed extension of credit for filling out the credit card solicitations; for reasons already discussed in the prior Opinion, however, this is not what FCRA requires.

Next, Plaintiff presents a confounding argument to this Court that somehow, it overlooked a "law of the case doctrine" argument regarding a decision on the motion to compel his deposition. More specifically, Plaintiff says that this Court:

> Overlooked the argument presented to the court concerning law of the case doctrine on the basis that the Magistrate Court denied Citigroup's motion to compel plaintiff's deposition on grounds Citigroup showed no valid defense that was relevant to its deposition request, which order was not appealed to the district court. The district court was silent on this point.

Docket No. 135 at 2-3. This argument is of no moment; whether or not Citigroup's motion to compel Plaintiff's deposition was granted or not has absolutely no impact on this Court's determination that summary judgment in favor of Defendant is warranted on the merits of Plaintiff's underlying claims.

Next, Plaintiff avers that this Court overlooked his arguments that Citigroup downloaded his credit information for "future use without a credit link." Doc. No. 133 at 8. This argument, again, hinges on Plaintiff's contention that "Citigroup did not intend to extend credit to the plaintiff when it downloaded and permanently stored plaintiff's unlimited credit information . . . because the credit cards were denied."

Doc. No. 133 at 8. Again, as discussed above, Plaintiff's argument that Citibank violated FCRA because Plaintiff was not already guaranteed credit when it sent a credit card solicitation has been rejected. This Court also found that the gathering of Plaintiff's information was done with a permissible purpose, and the storage and transmission of Plaintiff's information for purposes of responding to Plaintiff's discovery requests is not a violation, as set forth in the prior Opinion. Plaintiff has raised no new arguments that require this Court to reconsider its decision.

Finally, with respect to Plaintiff's argument that Defendants should be subjected to Rule 11 sanctions because it changed its position regarding whether the offer of credit was "firm", the Court notes that this argument was raised for the first time in Plaintiff's reply brief in support of his cross-motion for summary judgment. See Doc. No. 130. Arguments raised for the first time in a reply brief need not be considered. Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994)("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'"). That said, this Court explicitly held in the prior Opinion that Defendant's change in argument, which took place after further

investigation, was not problematic and was not undertaken in bad faith. See Opinion, Doc. 131 at 9 n.8 (finding that Defendant was not judicially estopped from changing positions made after a further investigation). This Court's explicit finding that the change was reasonably based on the outcome of its investigation undermines Plaintiff's Rule 11 sanctions argument, even though, as stated above, this Court need not reach the Rule 11 argument raised by Plaintiff only in his reply.

For the reasons set forth above, Plaintiff's Motion for Reconsideration is DENIED.

## III. Plaintiff's Motion for Sanctions

In addition to moving for reconsideration, Plaintiff has moved for attorney's fees in the amount of $34,902.50 or, alternatively, Rule 11 Sanctions in the amount of $2,275.50. Docket No. 142. For the reasons set forth below, Plaintiff's motion will be denied.

### A. Applicable Standard

Federal Rule of Civil Procedure 11 is intended to redress abusive litigation practices, and recognizes that a person signing and submitting a document to the court has a "nondelegable responsibility to the court." Fed. R. Civ. P. 11, advisory committee's note. See generally Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). Under Rule 11(b),

> [b]y presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . .
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Should the Court determine, after notice and an opportunity to respond, that an attorney has violated Rule 11(b), it has the authority to impose an "appropriate sanction." Fed. R. Civ. P. 11(c)(1). The sanction may include "nonmonetary directives . . . or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(1), (4).

In evaluating an attorney's conduct, "a court must apply an objective standard of 'reasonableness under the circumstances.'" In re Cendant Corp. Deriv. Action Litig., 96 F.Supp.2d 403, 405 (D.N.J. 2000) (quoting Ford Motor Co. v. Summit Motor Prods. Inc., 930 F.2d 277, 289 (3d Cir. 1991)). "Thus, this Court must determine whether a competent attorney who conducted a reasonable investigation into the facts and law pertinent to the case would have determined that the allegations presented against defendants were well grounded in law and fact." Watson

v. City of Salem, 934 F. Supp. 643, 663 (D.N.J. 1995). Furthermore, the court assesses reasonableness as of the time the motion was submitted to the court. New Life Homecare, Inc. v. Blue Cross of Ne. Pa., No. 06-2485, 2008 WL 534472, at *2 (M.D. Pa. Feb. 20, 2008). Furthermore, the court assesses reasonableness as of the time the motion was submitted to the court. New Life Homecare, Inc. v. Blue Cross of Ne. Pa., No. 06-2485, 2008 U.S. Dist. LEXIS 12527, 2008 WL 534472, at *2 (M.D. Pa. Feb. 20, 2008). Sanctions may be imposed in the absence of subjective bad faith on the part of the attorney, and Rule 11 "does not recognize a 'pure heart and empty head' defense." In re Cendant Corp., 96 F. Supp. 2d at 405 (citations omitted).

B. Analysis

Much of Plaintiff's motion simply re-hashes arguments made in response to the Defendant's motion for attorney's fees, discussed further below. See Doc. No. 142 at 4 (stating that "This motion is based on the Memorandum of Law Brief that was filed at Doc. 137," which is Plaintiff's response to Defendant's motion for attorney's fees). Plaintiff presents no arguments whatsoever in favor of his motion for fees other than to set forth what he deems his "costs of responding to Citigroup's Motion for Attorney's Fees," which he claims total $2,275.50. This Court infers from his papers that because Plaintiff contends that Defendant failed to establish or mention that his

claims "were weak, much less frivolous," that he believes he is entitled to fees.

This Court finds that Defendant's Motion for Attorney's Fees was not filed in bad faith or without a reasonable basis. As such, and because Plaintiff has set forth no valid arguments supporting an award of either fees or sanctions, his motion is DENIED.[5]

**IV. Defendant's Motion for Attorney's Fees and Costs**

Defendant has moved for an award of attorney's fees and costs totaling $35,020.17, pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b). For the reasons set forth below, Defendant's motion is denied, albeit reluctantly, but Plaintiff is hereby forewarned that future meritless lawsuits based on similar facts may result in award of fees against him.

A. Applicable Standard

FCRA authorizes an award of attorney's fees to a "prevailing party" where the Court finds that an unsuccessful pleading, motion or other paper filed in connection with an action . . . was filed in bad faith or for purposes of harassment . . . ." 15 U.S.C. §§ 1681n(c) and 1681(o)b. The

[5] Moreover, because Plaintiff is appearing pro se, he would not be entitled to recover attorney's fees even if he had been successful on his claims. See Burns v. Bank of America, 655 F. Supp. 2d 240, 253 (S.D.N.Y. 2008)(noting that plaintiffs, appearing pro se, would not be entitled to recover attorney's fees even if they were successful on the FCRA claims).

party moving for fees has the burden to demonstrate that they are warranted. DeBusk v. Wachovia Bank, No. 06-324, 2006 WL 3735963, *4 (D. Ariz. Nov. 17, 2006). Courts have found that "[t]he statute requires a showing that a document was filed in bad faith." Ryan v. Trans Union Corp., No. 99-216, 2001 WL 185182, at * 6 (N.D. Ill. Feb. 26, 2001). Moreover, "[t]he term 'bad faith' requires 'not simply bad judgment or negligence, but rather . . . the conscious doing of a wrong because of dishonest purpose or moral obliquity.'" DuBusk, 2006 WL 3735963 at *4 (quoting Shipley v. Trans Union Corp., 2006 U.S. Dist. LEXIS 34105, at *6 (W.D. Wash, May 25, 2006)).

B. Analysis

The Defendant contends that it is entitled to an award of reasonable attorney's fees in this matter under the applicable statutory sections because Plaintiff clearly knew as early as 2009, based on the outcome of two of his previous litigations – Huertas v. Galaxy Asset Management, 641 F.3d 28 (3d Cir. 2011) and Huertas v. U.S. Dept. of Educ., 2009 WL 3165442, *9 (D.N.J. Sept. 28, 2009) - that FCRA expressly authorizes a credit report to be obtained in connection with a request for an extension of credit. Because Plaintiff knew he was applying for credit when he responded to the credit card solicitations, Defendant contends "his ONLY purpose for filing this lawsuit and pursuing discovery . . . was his bad faith attempt to harass Citibank in

a failed attempt to extort fees. . . ." Docket No. 134 at ¶ 12. Finally, Defendant contends that Plaintiff's filing requesting Rule 11 sanctions is further evidence of his bad faith.

In a rambling, repetitive, and sometimes incomprehensible response, Plaintiff argues that the Defendant itself violated Rule 11, and the cases cited by the Defendant in its fees motion are distinguishable because, in the instant matter, there is no evidence that Plaintiff deliberately lied. He further contends that Defendant's disagreement with his reasoning is not tantamount to the lies or bad faith needed to sustain an award of attorney's fees.[6]

While this Court disagrees with most of Plaintiff's characterizations of this matter, it does agree that cases cited by the Defendant are distinguishable from the instant matter. For example, in DeBusk, the Court awarded fees to defendant after finding that plaintiff had "defrauded both [the defendant] and this court," and after plaintiff had dishonestly asserted that the defendant fabricated his loan application. 2006 WL 3735963 at *4. Similarly, in Flury v. CSC Credit Services, No. 11-1166, 2012 WL 300726, * 1 (D. Ariz. Feb. 1 2012), also cited

[6] The Court notes that Plaintiff claims in his brief that his allegations were "proven to be truthful by the district court . . . ." Doc. No. 137 at 7. This statement is totally unfounded; the Court granted summary judgment in favor of Defendant as Plaintiff failed entirely to prove the merits of his allegations.

by Defendant, the Court awarded fees after finding that plaintiff failed to support his complaint, which contained a "single conclusory allegation," and where the action was the latest in a pattern of "frivolous lawsuits" where plaintiff would voluntarily dismiss a case once a defendant moved to dismiss or answered the complaint.

In the instant matter, however, this Court, while finding Plaintiff's claims unsupported by evidence and somewhat confounding in light of his admitted submission of the credit card applications to Defendant, cannot find at this juncture the requisite bad faith or harassing purpose required to sustain a fee award. See Rogers v. Johnson-Norman, 514 F. Supp. 2d 50, 52 (D.D.C. 2007)("It is not enough to show that the pleading, motion or other paper in question later turned out to be baseless." (internal quotations omitted)); Burns v. Bank of America, 655 F. Supp. 2d 240, 253 (S.D.N.Y. 2008)(declining to award fees where defendant failed to set forth sufficient evidence of bad faith or of a harassing purpose).

While the Court declines to award fees at this time, it wants to make clear to Plaintiff that, based on his experience in this matter and in the Huertas v. Galaxy Asset Management case, he is now on notice that when he seeks credit from an entity, even by simply filling out a credit card application that is later rejected, there is a permissible purpose under

FCRA for the potential credit granting entity to access his credit report. Future lawsuits by Plaintiff, a serial litigator in this Court, based on similar facts may likely result in an award of fees against him where such lawsuits are filed in bad faith or with a harassing purpose.

**IV. Conclusion**

For the reasons expressed above, the Court will deny Plaintiff's Motion for Reconsideration and Motion for Sanctions. The Court will similarly deny the Defendant's motion for attorney's fees. An appropriate Order will issue this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Date: May 11, 2015